GEORGE J. LOEWY, Plaintiff, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, March 29, 1939.

*Louis S. Lewis* [*A. Spencer Feld* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Arthur Bainbridge Hoff, Jr.*, of counsel], for the defendant.

LEVY, J. Plaintiff had been the principal of Murray Hill Vocational School and Brooklyn Vocational School for Boys when in June, 1918, he was appointed to the newly-created position of director of vocational activities for a probationary period of three years at a flat annual salary of $6,500. Since his permanent appointment in 1921 he has continued to serve in that office at an annual salary increased from time to time by special resolution of the board and fixed finally, on January 1, 1928, at $8,500.

It is plaintiff's claim that since January 1, 1928, he has been entitled to receive $11,000 per annum instead of $8,500. Consequently, he has brought this suit to recover the difference. His right to recover is based solely on the following by-law of the board of education, known as section 95, subdivision 5: " No person serving in a supervising or teaching position who shall have previously served in a lower position, shall receive for the higher position a salary less than the amount in higher schedule next above that to which he or she would be entitled in the lower position." Thus, plaintiff argues, his appointment to the position of director of vocational activities was a promotion to a position higher than that of principal. In the schedules adopted by the board and in effect January 1, 1928, the incremental salaries of principals of secondary schools were fixed at a maximum of $10,000 per annum, while the next higher schedule provided a flat annual salary of $11,000 for the members of the board of examiners. Therefore, in conformity with the quoted by-law and the policy of rewarding meritorious service by promotion to higher positions carrying higher salary schedules, he became entitled to $11,000, the amount provided in the higher schedule next above that of the position of principal in which he had previously served.

The argument is without merit as a matter of law. While the board has provided generally for the determination of salaries of promoted employees, yet, in a special case, it may fix the salary of an employee, whether by original appointment or promotion, independently of the general by-law. The salary of the director of vocational activities has been expressly fixed since 1918. Thus the special enactment overrides the general. It naturally follows that resort to a general by-law or a general schedule was unnecessary to determine his compensation.

Moreover, the fact is that plaintiff has been receiving a salary in accordance with the schedule next higher than that to which he

had been entitled as principal *at the time of his promotion.* During the years 1918 to 1928 his salary as director was at all times higher than that of principals, while the salary of examiners was higher than that of the director. In 1928, however, the schedules were changed. Thereafter examiners received more than principals and the latter received more than the director. It is this situation about which plaintiff complains. Nevertheless, if the plaintiff has been entitled, as he claims, to the salary of an examiner since 1928, he should have been entitled to receive it since 1918. No such claim is made, obviously for the reason that the next higher schedule *at the time of plaintiff's promotion* in 1918 was the schedule for the position of director. At that time his rights became fixed. He may not assert his claim as of January 1, 1928, merely because the board at that time determined that principals were entitled to a compensation greater than that of the director. The by-law confers no such benefit.

The construction urged by plaintiff would force the defendant to maintain the *status quo* of 1918 regardless of any change which may be required to meet changing conditions. The revision of salary schedules in 1928 may have occasioned some disappointment to plaintiff although, strangely, it was not galvanized into action until 1936. However, the board's exercise of discretion in that matter calls for no review by the court.

Quite apart from the law governing the rights of the parties and as a matter of ordinary fairness and equity, plaintiff may have a grievance. The claim that his salary should be even now at least equal to the salary of those he supervises seems to have the force of logic. However, the adjudging of the value of plaintiff's services is within the special province of the board, and it has ruled by adopting a special schedule for his office. If the plaintiff feels that such a schedule, in giving him a salary lower than those he supervises, is unfair, he should address his complaint to the Commissioner of Education. I referred to the appropriate procedure to be taken in these matters in *Matter of Brady* v. *Board* v. *Education of New York* (136 Misc. 1, 10) as follows: " Such a direction, in the circumstances, to compel the exercise of a proper discretion on the part of the board of education, after a possible basic determination that there has been an abuse of such discretion, is essentially within the province of the judicial power of the State Commissioner of Education, pursuant to section 890 of the Education Law. In *Matter of Louderback* (32 State Dept. Rep. 588) the petitioner took recourse to such an appeal in order to establish that a ' visiting teacher ' under the salary schedules adopted pursuant to section 883 of the Education Law, was entitled, by

reason of her qualifications and the principle underlying the law, to the same salary as a ' special teacher.' In *Louderback* v. *Board of Education* (216 App. Div. 805; affd., 244 N. Y. 511) the ruling of the Commissioner of Education was adopted as *res adjudicata.*"

The remaining issues require no further consideration. In the circumstances judgment must be directed for the defendant.